**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4784**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ROBERT FINCH,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, District Judge. (1:11-cr-00644-MBS-1)

———————

Submitted: February 14, 2013    Decided: February 28, 2013

———————

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Katherine E. Evatt, Assistant Federal Public Defender, Kimberly H. Albro, Research & Writing Specialist, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Jamie Lea Schoen, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Finch appeals the life term of supervised release, to include substance abuse and mental health treatment, imposed on remand for resentencing for failing to register as a sex offender pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 (2006). We affirm.

A term of supervised release is reviewed for reasonableness. United States v. Preston, ___ F.3d ___, ___, 2013 WL 431951, at *12 (9th Cir. 2013). Finch first argues that his sentence is procedurally unreasonable because the district court failed to explain its imposition of the term of supervised release. We disagree. A district court must provide an individualized assessment of its selected sentence; failure to do so constitutes procedural error. United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009). The explanation is sufficient so long as it permits this court to conduct a meaningful review. United States v. Bell, 667 F.3d 431, 442 (4th Cir. 2011). The district court here provided sufficient explanation to permit meaningful appellate review. We thus conclude that the sentence is procedurally reasonable.

Finch next asserts that the sentence is substantively unreasonable because it subjects him to the possibility of substance abuse treatment and mental health treatment for life. Because "[d]istrict courts have broad latitude to impose

2

conditions on supervised release," we review those conditions for abuse of discretion. United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted). The district court may impose any condition that is "reasonably related" to the applicable sentencing factors. Id. at 186. The conditions must not, however, "involve[] [a] greater deprivation of liberty than is reasonably necessary." 18 U.S.C.A. § 3583(d)(2) (West 2000 & Supp. 2012); United States v. Dotson, 324 F.3d 256, 260-61 (4th Cir. 2003). We conclude that, contrary to Finch's arguments, both conditions are reasonably related to the applicable sentencing factors and neither involves a greater deprivation of liberty than that which is reasonably necessary. Thus, we find no abuse of discretion in the district court's judgment subjecting Finch to a life term of supervised release, including the conditions that he participate in substance abuse treatment and mental health treatment, as directed.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED